UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD EMRICK, JR., o/b/o
RONALD EMRICK, SR. (DECEASED),

    Plaintiff,

v.                                   CASE No. 8:08-CV-2375-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the Commissioner of Social Security improperly used the medical-vocational guidelines in determining that the claimant is not disabled, his decision will be reversed and the matter remanded for further consideration.

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

I.

The claimant, Ronald Emrick, Sr., died at age fifty-four in December 2006 after filing claims for disability benefits and supplemental security income payments (Tr. 73). He possessed a limited education and worked primarily as laborer[2] (Tr. 119, 227). He alleged that he became disabled due to a seizure disorder, a bad back, arthritis, and a hearing problem (Tr. 118). The claims were denied initially and upon reconsideration. The plaintiff, Ronald Emrick, Jr., who is the claimant's son, entered the case as a substituted party.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge (Tr. 48). The law judge concluded that, in light of the claimant's death, the claim for supplemental security income was required to be dismissed (Tr. 8). The plaintiff has not challenged that determination. Accordingly, that ruling will be affirmed.

With respect to the claim for disability benefits, the law judge found the claimant suffered from the following severe impairments:

---

[2]The claimant's son testified that his father completed the eighth grade before he dropped out (Tr. 305). However, the claimant told Dr. Stanley Rabinowitz that he had a tenth grade special education background (Tr. 227).

"arthritis of the left ankle, degenerative disc disease of the lumbar spine, obesity, history of substance abuse disorder, chronic lumbosacral strain/spondylosis/radiculopathy" (Tr. 10-11). He further concluded that those impairments limited the claimant to a wide range of light work (Tr. 14). The law judge found that, in light of this limitation, the claimant was unable to perform the requirements of his past work (Tr. 15). However, the law judge determined that, based upon the claimant's "age, education, work experience and residual functional capacity," the medical-vocational guidelines indicated that the claimant should be found to be not disabled (Tr. 16). The law judge decided accordingly. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the

evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 404.1501 et seq. Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in

determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

III.

The plaintiff challenges the law judge's decision on one ground. He contends that the law judge erred by relying upon the grids instead of calling a vocational expert to determine whether jobs exist in the national economy that the claimant could have performed. That contention has merit and warrants reversal.

In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985). The plaintiff relies upon Marbury v.

Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), for the proposition that it is "only when the claimant can clearly do unlimited types of work that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy" (Doc. 15, p. 7).

In Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989), a law judge found that the claimant had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the claimant was not disabled. Id. The Eleventh Circuit concluded that this was reversible error. Id. at 1202. Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do unlimited types of light work ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in Marbury v. Sullivan, supra. There, a law judge found that a claimant had non exertional limitations. He concluded that the claimant could perform a wide

range of light work and, therefore, it was unnecessary to call a vocational expert. The court of appeals reversed, citing the foregoing quotation from Ferguson v. Schweiker and Allen v. Sullivan. The court added (957 F.2d at 839)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do <u>unlimited</u> types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. Allen, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. Id. It was therefore error to rely upon the grids. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).

See also Welch v. Bowen, 854 F.2d 436 (11th Cir. 1988).

The Commissioner challenges this authority, citing Phillips v. Barnhart, 357 F.3d 1232 (11th Cir. 2004), for the proposition that, at least with respect to nonexertional limitations, the grids can be used to determine whether a claimant is disabled if the limitations do not significantly limit his

basic work skills at a particular exertional level (Doc. 16, p. 4). The language cited by the Commissioner suggests a possible inconsistency in the Eleventh Circuit principles governing the use of the grids.

The language, however, can be reconciled.[4] The Ferguson-Allen-Marbury line of cases is properly construed to hold that a law judge merely by his own ipse dixit cannot establish that functional limitations would not result in a significant reduction of work that exists in the national economy and that a wide range of work would remain. Rather, there must be evidentiary support for a conclusion that the functional limitations still permit the claimant to perform a wide range of jobs at the specified exertional level. This can be demonstrated either by the law judge providing a reasonable explanation for such a conclusion, or by reference to probative information. For example, there can be reliance upon Social Security rulings to determine that certain postural limitations, or environment limitations, do not significantly erode the occupational base. See Miller v. Astrue, 2009 WL

---

[4]It is hard to believe that Marbury set forth the anomalous principle in situations where there is any degree of a nonexertional impairment that a vocational expert is required in order to determine under Francis v. Heckler whether a vocational expert is required.

35167 at *3-*4 (M.D. Fla. 2009). If the law judge provides such an explanation, or if the conclusion is otherwise supported, then the principles set out in Francis v. Heckler, and reflected in Phillips v. Barnhart, apply. On the other hand, if the law judge does not provide any explanation for his assertion that a wide range of work exists, and there is no available information supporting the conclusion, then the Ferguson-Allen-Marbury holdings govern.

In this case, there is no apparent basis for the law judge's finding that the claimant could perform a wide range of light work. In fact, the law judge's decision is even more fundamentally flawed because the law judge did not properly assess the claimant's residual functional capacity.

Social Security Ruling 96-8p, 1996 WL 374184 at *1 (S.S.A.), provides that "[t]he RFC [residual functional capacity] assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" and "[o]nly after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The law judge completely

failed to do that. He simply stated that "the claimant has the residual functional capacity to perform a wide range of light work" (Tr. 14).

In connection with that statement, the law judge did not assess any functional limitations. Thus, it cannot even be determined whether the claimant's capabilities were reduced to a wide range of light work by exertional limitations, nonexertional limitations, or both. Consequently, the law judge's failure to comply with Social Security Ruling 96-8p precludes proper judicial review of the law judge's use of the grids in this case.

In short, there is no apparent support for the application of the grids. That is especially true in view of the law judge's failure to make specific assessments of the claimant's functional limitations.[5]

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED, and the matter REMANDED for further consideration with respect to the

---

[5]It is noted that the law judge stated that he ordinarily would have called a vocational expert to testify, but did not do so because of the claimant's death (Tr. 16). That conclusion was clearly wrong, as the Commissioner acknowledges (Doc. 16, p. 11).

claim for disability benefits. It is AFFIRMED with respect to the claim for supplemental security income. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 18th day of October, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE